## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **FREDDY S. CAMPBELL,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:09-0814 |
| | ) |
| **STEPHAN M. DEWALT, Warden,** | ) |
| **FMC Lexington,** | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 3, 2009, Petitioner, acting *pro se*, and incarcerated at FMC Lexington, located in Lexington, Kentucky, filed his Petition for Writ of Error *Coram Nobis* pursuant to 28 U.S.C. § 1651, the All Writs Act.[1] (Document No. 1.) Petitioner alleges the following grounds for relief:

1. Trial and appellant counsel provided ineffective assistance of counsel to Petitioner.

    a. Trial counsel failed to call co-defendant, Martha McGlothin, as a witness on behalf of the Petitioner.

    b. Trial counsel never visited the crime scene.

    c. Trial counsel never raised the Batson claim and reserved it for appeal.

    d. Trial counsel failed to insist on a "full and fair" state proceeding not bringing up federal constitutional issues.

2. Prosecuting Attorney committed misconduct by allowing false testimony to be admitted during proceedings.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

    3.    Petitioner is entitled to the All Writs section of the Judicial Code, 28 U.S.C. § 1651, to achieve justice or to avoid manifest injustice of a void conviction.

(Id., pp. 19 - 29.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 1984, the Grand Jury of Mercer County, West Virginia, returned an Indictment against Petitioner, charging him with one count of Delivery of a Schedule I Controlled Substance, To-Wit: Marijuana. (Civil Action No. 1:09-0814, Document No. 6, p. 13.) Following a jury trial conducted on May 20, 1985, Petitioner was convicted as charged in the Indictment. Petitioner's conviction was subsequently set aside based upon the State's introduction of a copy of a police report that had not been properly disclosed to Petitioner under Rule 16, of the West Virginia Rules of Criminal Procedure. (Civil Action 1:94-0411, Document No. 24, pp. 5 - 6.) Petitioner was retried and again convicted on January 14, 1986. (Civil Action No. 1:09-0814, Document No. 6, p. 13.) On March 17, 1986, Petitioner was sentenced to a term of confinement in the penitentiary for an indeterminate term of not less than one (1) nor more than five (5) years. (Id., pp. 13 -14.) Petitioner unsuccessfully appealed his conviction and sentence to the West Virginia Supreme Court of Appeals. (Id., Document No. 1-1, p. 12.) Petitioner subsequently filed a *habeas* petition in the West Virginia Supreme Court, which was denied without prejudice (Civil Action 1:94-0411, Document No. 18, p. 1.) Petitioner was discharged by the West Virginia Department of Corrections on June 17, 1994.

On May 25, 1994, Petitioner filed in this Court his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By A Person in State Custody. Campbell v. Ervin, Civil Action No. 1:94-0411

(S.D.W.Va. Mar 4, 1996). Petitioner asserted the following grounds of error:

1. Improper argument of the attorney for the state. The court erred in refusing to grant the defendant's motion for a mistrial, which motion was based on the improper argument of the attorney for the state in which she expressed her belief in the honesty, truthfulness, and goal motives of the state's witness and the lack of truthfulness of the defendant; statements concerning facts not in evidence or not inferable from the evidence, denied the defendant a fair trial.

2. Admitting evidence of other marijuana and drug paraphernalia not belonging to, or under the control of, defendant. The court erred in admitting evidence of other marijuana and drug paraphernalia not belonging to or under the control of defendant, which did not relate to the charge of delivery of marijuana for which defendant was tried, and said evidence was so prejudicial so as to deny the defendant a fair trial.

3. False testimony by state's witness. Trooper Sam Pennington (state's witness) gave false testimony about a material fact when he changed the testimony from what he had previously made in the trial of a co-defendant (Martha McGlothin) in an earlier trial in front of the same judge, concerning the material fact (a brown wrinkled paper bag).

4. State knowing of false testimony by state's witness. The state became aware of the false testimony by the state's witness (Trooper Sam Pennington) when defense counsel (Joseph Sanders Jr.) brought it to the attention of the court during cross examination of the state's witness (Trooper Sam Pennington). The trial judge, the honorable William O. Bivens Jr., even stopped the trial to check the transcripts of the earlier testimony of the state's witness and it then became known that there was an inconsistency in the testimony of Trooper Sam Pennington (state's witness).

5. Co-defendant was acquitted on same charges. Co-defendant (Martha McGlothin) was acquitted on same charges, in the same court, in front of the same judge.

6. Jury was unconstitutionally selected and impaneled. There were no African Americans (distinct group) in the jury selection. Defendant is an African American.

7. Double Jeopardy. Defendant was tried twice on same charge.

8. Conviction was contrary to law and evidence. The defendant was convicted only on the false testimony of Trooper Sam Pennington (state's witness) and wasn't proven guilty beyond a reasonable doubt.

> 9. False information on pre-sentence investigation report. There was false information used on the defendant's pre-sentencing investigation report which had devastating consequences on the defendant.

(Id., Document No. 2.) By Proposed Findings and Recommendation entered on January 26, 1996, United States Magistrate Judge Feinberg recommended that Petitioner's Section 2254 Petition be denied.[2] (Id., Document No. 18.) Petitioner filed his objections on March 1, 1996. (Id., Document No. 23.) By Judgment Order entered on March 4, 1996, District Judge Faber denied Petitioner's Petition. (Id., Document No. 24.)

On August 17, 1998, Petitioner pled guilty in the United States District Court for the Southern District of West Virginia to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). United States v. Campbell, Criminal No. 2:98-0127 (S.D.W.Va. Nov. 17, 1998). On November 17, 1998, the District Court sentenced Movant to a 60-month term of imprisonment to be followed by a five-year term of supervised release. (Id., Document No. 12.) On August 11, 2003, Petitioner filed a Motion for Early Termination of Supervised Release and Memorandum in Support. (Id., Document Nos. 20 and 21.) On August 21, 2003, the District Court granted Petitioner's Motion for Early Termination of Supervised Release. (Id., Document No. 24.)

Petitioner was charged in a Three-Count Indictment filed on June 7, 2005, in the United States District Court for the Southern District of West Virginia, with knowingly and intentionally possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base, also known as "crack," a Schedule II controlled substance on or about May 12, 2005, in

---

[2] The undersigned notes that Magistrate Judge Feinberg addressed the merits of Petitioner's alleged grounds of error. Although Petitioner was no longer incarcerated or on parole for his 1986 conviction, Magistrate Judge Feinberg stated that "[t]he court has previously found the Petitioner meets one of the two exceptions to the mootness doctrine in that he faces collateral consequences as a result of his conviction." (Civil Action No. 1:94-0411, Document No. 18.)

4

violation of 21 U.S.C. § 841(a)(1) (Count One), and knowingly and intentionally distributing a quantity of cocaine base, also known as "crack," a Schedule II controlled substance on or about May 11 and 12, 2005, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three). United States v. Campbell, Criminal No. 2:05-0120, Document No. 16-1. On September 16, 2005, the United States filed an Information notifying Petitioner of its intent to seek sentencing enhancement pursuant to 21 U.S.C. § 841(b) based upon Petitioner's prior conviction of possession with intent to distribute cocaine base in Criminal Action No. 2:98-0127. (Id., Document No. 34.) Petitioner entered a plea of guilty to the charges contained in Count One of the Indictment on September 19, 2005. (Id., Document Nos. 35, 37 - 38.) On October 4, 2005, Petitioner, by counsel, filed his Answer to Information in which Petitioner affirmed his conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1) in Criminal Action No. 2:98-0127. (Id., Document No. 43.) On December 5, 2005, Petitioner, by counsel, filed a Motion for Downward Departure and Memorandum in Support. (Id., Document Nos. 50 - 51.) In support of his Motion for Downward Departure, Petitioner argued as follows: (1) Petitioner was "cooperative with the Kanawha County law enforcement by being interviewed and debriefed long before he entered into a plea agreement with the United States;" (2) Petitioner's previous state conviction that causes him to be eligible for the career offender guideline application occurred over twenty years ago; (3) Petitioner "is not a person who is beyond redemption;" (4) Petitioner is an honorably discharged veteran; and (5) Petitioner "has never been violent, has never possessed a gun and no gun was found in the search of his apartment." (Id., Document No. 51.) Petitioner was sentenced on December 5, 2005. (Id., Document No. 143.) During the sentencing hearing, Petitioner's counsel argued that Petitioner's 1986 state conviction should not be considered because (1) Petitioner continues to challenge the

validity of his state conviction, and (2) Petitioner's offending conduct that supported his state court conviction fell outside the 15-year requirement.[3] (Id.,pp. 3 - 5.) Specifically, Petitioner argued that his first conviction in May, 1985, was set aside, and he was later retried and convicted in January, 1986. (Id.) Thus, Petitioner asserted that his state conviction only comes within the 15-year threshold because of his successful challenge to his first state court conviction. (Id.) The District Court determined that the enhancement penalties set forth in Section 851 applied based upon Petitioner's prior convictions. (Id., p. 8.) The District Court determined that Petitioner had a Criminal History Category of IV, Base Offense Level of 37, and a Total Offense Level of 34, the Court having applied a three-level reduction for acceptance of responsibility. (Id., pp. 8 - 9.) Accordingly, the District Court determined that the total guideline range was as follows: (a) Imprisonment for a term of 262 to 327 months; (b) Supervised release for a period of eight years; (c) A fine of $17,500 to $4,000,000; and (d) A mandatory special assessment of $100 under 18 U.S.C. § 3013. (Id., p. 9.) The District Court then granted Petitioner's Motion for Downward Departure finding that Petitioner's criminal history was over-represented.[4] (Id., p. 15.) The District

---

[3] Petitioner argued that conduct he was accused of occurred in 1984. (Criminal Action No. 2:05-0120, Document No. 143, p. 3.)

[4] The District Court determined that Petitioner's criminal history was over-represented based upon the following:

> [The state] conviction was a number of years ago; and although it was a serious felony conviction, what this comes down to in my view is that as a result of that first conviction and the timing of it, the defendant is faced with this career offender provision applying where it otherwise wouldn't. And as a result of that career offender provision applying, the defendant is looking at a sentence that - - a range that is 262 months at the minimum versus what would have been an offense level 29, criminal history category of IV, a guideline range of 121 months. So if my calculations are right, it's more than doubled the sentence. And I believe that because of the circumstances of the timing of that conviction and the age of that conviction,

Court determined that Petitioner's sentence should be "within the range of 121 to 151 months for the reasons stated, that would be the range that would be provided if the career offender provision didn't apply." (Id.) The District Court sentenced Petitioner to a 140-month term of incarceration to be followed by an eight-year term of supervised release. (Id., Document No. 52.) The District Court also imposed a fine in the amount of $5,000 and a special assessment of $100. (Id.) Petitioner did not appeal his sentence or conviction to the Fourth Circuit Court of Appeals.

On November 27, 2006, Petitioner, acting *pro se*, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. Campbell v. Dewalt, Civil Action No. 06-C-867 (Cir. Ct. McDowell Co. Oct. 1, 2007); (Court's Exhibit.) Petitioner was appointed counsel, Michael P. Cooke, on April 24, 2007. (Id.) The Circuit Court conducted an omnibus *habeas corpus* hearing on September 7, 2007. (Id.) By order filed on October 1, 2007, the Circuit Court made findings of fact and conclusions of law addressing Petitioner's claims, and denied his *habeas* petition.[5] (Id.) On December 13, 2007, Petitioner, acting *pro se*, filed his Petition for Appeal from the Circuit Court's decision. (Id.) On April 10, 2009, Petitioner, by counsel, filed an amended petition for appeal. Campbell v. Dewalt, Case No. 073752 (W.Va. May 13, 2009)(Civil Action No. 1:09-0814, Document No. 1-1, p. 2.) The West Virginia Supreme Court of Appeals refused Petitioner's appeal on May 13, 2009. (Id.)

On July 9, 2007, Petitioner filed in the Southern District of West Virginia a Motion for

---

that constitutes an over-representation of the defendant's criminal history.
(Criminal Action No. 2:05-0120, Document No. 143, pp. 14 -15.)

[5] The Circuit Court concluded that Petitioner failed to meet the jurisdictional requirement for the issuance of a writ of *habeas corpus* because Petitioner was not incarcerated under a sentence of imprisonment for the conviction being challenged.

Downward Departure for Substantial Assistance pursuant to Federal Rules of Criminal Procedure 35(2)(c). (Criminal Action No. 2:05-0120, Document No. 71.) By Order dated July 11, 2007, the District Court denied the Motion finding that "Defendant is not entitled to file the motion for a reduced sentence, only the Government may do so." (Id., Document No. 72.) On January 10, 2008, Petitioner filed a "Notice and Motion Permitting Judicial Review for Constitutional Violations of the Federal Government's Refusal to File a Substantial Assistance Motion Pursuant to Title 18 U.S.C. Section 3553(e) and Section 5K1.1 of the Federal Sentencing Guidelines" and "Motion for any Hearing Pertaining to Notice of Motion Permitting Judicial Review for Constitutional Violations of the Federal Government's Refusal to File a Substantial Assistance Motion Pursuant to Title 18 U.S.C. Section 3553(e) and Section 5K1.1 of the Federal Sentencing Guidelines be conducted by Telecommunication and at Prison." (Id., Document Nos. 75 and 76.) By Order entered April 10, 2008, the District Court denied Petitioner's above motions. (Id., Document No. 81.) On May 8, 2008, Petitioner filed a Notice of Appeal concerning the District Court's denial of the above motions. (Id., Document No. 85.) On September 17, 2008, the Fourth Circuit affirmed the District Court's ruling. (Id., Document No. 107.)

On February 25, 2008, Petitioner filed in the Southern District of West Virginia a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[6] (Id., Document No. 79.) By Order entered on June 5, 2008, the District Court denied Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 97.) On June 18, 2008,

---

[6] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Petitioner filed a Notice of Appeal. (Id., Document No. 98.) On November 19, 2008, the Fourth Circuit affirmed the District Court's ruling. (Id., Document No. 117.)

On July 13, 2009, Petitioner filed his instant Petition for Writ of Error *Coram Nobis*. (Document.) In support, Petitioner attached the following documents: (1) A copy of an Order entered by the West Virginia Supreme Court refusing Petitioner's appeal in Campbell v. Dewalt, Civil Action 06-C-867 (Cir. Ct. Mercer County Oct. 1, 2007) (Id., Document No. 1-1, p. 2.); (2) A copy of an Order exhibiting that Martha McGlothlin, Petitioner's co-defendant, was found not guilty by the jury (Id., pp. 4 - 5.); (3) A copy of a docket sheet from the Mercer County Magistrate Court exhibiting that a charge against Petitioner for possession with intent to deliver on May 16, 1984, was dismissed by the State on May 30, 1984 (Id., p. 7.); (4) A copy of a Memorandum from Tom Light, Health Statistics Center, concerning the African American population in Mercer County (Id., pp. 9 - 10.); and (5) A copy of a letter dated February 22, 2007, from the Office of the Clerk of the West Virginia Supreme Court stating that Petitioner's "petition was filed in the Supreme Court on March 8, 1988, given a docket number of 880329 and refused on July 6, 1988" (Id., p. 12.). On July 24, 2009, Petitioner filed his Motion to Proceed Without Prepayment of Fees. (Id., Document No. 3.) On December 3, 2009, Petitioner filed a Revised Petition for Writ of Error *Coram Nobis*.[7] (Id., Document No. 6.)

## DISCUSSION

**A.     Request for Relief under Section 1651:**

Collateral relief is available to persons who have completed their sentences and are therefore

---

[7] The undersigned has thoroughly reviewed both petitions filed by Petitioner and finds that they are nearly identical in their content.

9

not in custody under very limited circumstances through Writs of Error *Coram Nobis* issued under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court explained in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); see also United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Supreme Court reiterated in Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), from its note in United States v. Smith, 331 U.S. 469, 475, fn. 4, 67 S.Ct. 1330, fn.4, 91 L.Ed. 1610 (1947), that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). They may not, however, supplant proceedings under Section 2255, United States v. Barrett, 178 F.3d 34, 55, (1st Cir. 1999), cert. denied, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); Sun v. United States, 342 F.Supp.2d 1120, 1126

10

(N.D.Ga. 2004), aff'd, 151 Fed. Appx. 860 (11th Cir. 2005), cert. denied, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003). Adopting "the same analytical framework when ruling on the propriety of current coram nobis petition as when analyzing successive habeas corpus petition", the Court in Durrani stated that "the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." Durrani v. United States, 294 F.Supp.2d at 210; see also Shepis v. United States, 2008 WL 474237, * 6 (D.S.C.). When the District Court has determined that it is appropriate to consider a request for relief in *coram nobis* on the merits, the District Court may grant *coram nobis* relief if the petitioner demonstrates that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate early relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d at 90, quoting Foont v. United States, 93 F.3d 76, 79 (2nd Cir. 1996)(internal quotation marks, citations and alterations omitted); see also Hanan v. United States, 402 F.Supp.2d 679, 684 (E.D.Va. 2005), stating that "to obtain *coram nobis* relief, [a petitioner] must show (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable

11

that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion." "[A] court reviewing a petition for a writ of *coram nobis* to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. And, that burden is substantial, exceeding that of a habeas petitioner." Hanan v. United States, 402 F.Supp.2d at 684. A Writ of Error *Coram Nobis* may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). "[N]ewly discovered evidence does not constitute a fundamental error sufficient to justify coram nobis relief." Sun v. United States, 342 F.Supp.2d 1120 at 1127. The mere allegation that prosecutors withheld exculpatory evidence does not support *coram nobis* consideration. Durrani v. United States, 294 F.Supp.2d at 215 - 216.

In his Petition for Writ of Error *Coram Nobis*, Petitioner requests that this Court invalidate his 1986 state conviction. Specifically, Petitioner states that he is appealing the West Virginia Supreme Court's refusal of Petitioner's appeal of the Circuit Court of Mercer County's denial of *habeas* relief in Campbell v. Dewalt, Civil Action 06-C-867 (Cir. Ct. Mercer County Oct. 1, 2007). (Civil Action 1:09-0814, Document No. 6, p. 5.) Petitioner explains that he wishes to appeal the West Virginia Supreme Court's denial of both his petition for appeal, filed *pro se,* on December 13, 2007, and his amend petition for appeal, filed by counsel, on April 10, 2009.[8] (Id.) Petitioner further

---

[8] By Order entered on May 13, 2009, the West Virginia Supreme Court refused Petitioner's appeal stating as follows:

argues that his state conviction should be overturned based upon ineffective assistance of counsel and prosecutorial misconduct. (Id., pp. 15 - 27.) Petitioner contends that he is entitled to a Writ of Error *Coram Nobis* because "he is no longer in custody of the conviction for which he is collaterally attacking, however, a writ of error coram nobis is available to attack a judgment of conviction, even after the sentence thereunder has been served." (Id., p. 27.) Petitioner asserts that "he is presently suffering sever adverse or collateral effects from the invalid conviction." Specifically, Petitioner claims that an "unconstitutional conviction was used to trigger a career offender (§ 4B1.1) enhancement in the subsequent federal conviction, and was also used to deny a two point reduction pursuant to § 3582(c)(2) motion." (Id.) Accordingly, Petitioner requests that this Court "reverse the ORDER of the State of West Virginia Supreme Court of Appeals denying his petition for writ of error coram nobis and writ of habeas corpus praying for an appeal of the Circuit Court of Mercer County which was rendered on the 1st day of October, 2007; and to rule on the constitutionality of the void judgment which has been used to enhance the sentence in which this Petitioner is presently serving and to deny a [Section] 3582 motion for a reduction of sentence." (Id., p. 30.)

Based on the foregoing, the undersigned finds that Petitioner is requesting that this Court

---

> On a former day, to wit, December 13, 2007, came the petitioner, Freddy S. Campbell, pro se, and presented to the Court his petition praying for an appeal from a judgment of the Circuit Court of Mercer County, rendered on the 1st day of October, 2007, with the record accompanying the petition.
> Thereafter, on April 10, 2009, came the petitioner, Freddy S. Campbell, by Michael P. Cooke, his attorney, and presented to the Court his amended petition for appeal.
> Upon consideration whereof, the Court is of opinion to and doth hereby refuse said petition for appeal.

*Campbell v. Dewalt*, Case No. 073752 (W.Va. May 13, 2009); (Civil Action No. 1:09-0814, Document No. 1-1, p. 2.)

issue a Writ of Error *Coram Nobis* invalidating his State conviction in State v. Campbell, Criminal Action No. 84-F-70 (Cir. Ct. Mercer Co. Jan. 14, 1986). A Writ of Error *Coram Nobis*, however, may not be used to attack a state conviction. In re: Egan, 2009 WL 2235814 (4th Cir. July 27, 2009)(stating that a "writ of error coram nobis may not be used to set aside a state conviction"); In re: Shelton, 1 Fed.Appx. 149 (4th Cir. 2001)(finding that "this court has no jurisdiction under § 1651(a) to alter the judgment of a Virginia trial court"); and Sinclair v. Louisana, 679 F.2d 513 (5th Cir. 1982)(stating that a "writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had"). The undersigned further finds that *coram nobis* relief is unavailable to the extent Petitioner is seeking to attack the West Virginia Supreme Court's Order refusing Petitioner's appeal in Campbell v. Dewalt, Civil Action 06-C-867 (Cir. Ct. Mercer County Oct. 1, 2007). See Etlin v. Unknown, 2009 WL 3762304 (E.D.Va. Nov. 9, 2009)(finding that a Writ of Error *Coram Nobis* was unavailable to challenge the court's dismissal of her Section 2254 petition). The Fourth Circuit has stated that "[c]oram nobis . . . is not a substitute for a direct appeal, and the writ will not lie where there is another adequate remedy available." In re: Egan, 2009 WL 2235814, * 1. Clearly, Petitioner could have challenged the West Virginia Supreme Court's refusal of his appeal by filing a petition for writ of certiorari with the United States Supreme Court. Accordingly, the undersigned finds that Petitioner's Petition for Writ of Error *Coram Nobis* should be denied.

**B.     Request for Relief under Section 2255:**

To the extent Petitioner is requesting relief under Section 2255, the Court will address the issue. The undersigned finds that Petitioner's Petition should be liberally construed as challenging his federal conviction in Criminal Action No. 2:05-0120. Petitioner contends that his sentence in

Criminal Action No. 2:05-0120 was improperly enhanced based upon his invalid State conviction in <u>State v. Campbell</u>, Criminal Action No. 84-F-70 (Cir. Ct. Mercer Co. Jan. 14, 1986).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Petitioner was sentenced on December 5, 2005, and his sentence became final ten days later when he did not file a Notice of Appeal (December 15, 2005 ). On July 13, 2009, nearly two years and seven months after the one year period expired, Petitioner filed the instant Petition raising issues respecting his sentencing enhancement based upon a prior state conviction that he claims to be invalid.[9] To the extent Petitioner is requesting relief under Section 2255, the Petition is clearly untimely.

---

[9] The undersigned further notes that although the District Court found that Petitioner qualified as a career offender, the District Court reduced Petitioner's sentencing guideline range so "that [it] would be the range that would be provided if the career offender provisions didn't apply." (Criminal Action No. 2:05-0120, Document No. 143, p. 15.)

15

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal

courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. The undersigned, therefore, finds that Petitioner's request for relief under Section 2255 should be denied as untimely.

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Motion to Proceed Without Prepayment of Fees (Document No. 3.) and Petition for Writ of Error *Coram Nobis* (Document Nos. 1 and 6.), and **DISMISS** this case and remove it from the docket of the District Court.

Petitioner is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding Chief United States District Judge Faber and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

Date: January 5, 2010.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge