```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

FREDDY S. CAMPBELL,

    Petitioner,

v.                                      CIVIL ACTION NO. 1:09-0814

STEPHAN M. DEWALT, Warden,
FMC Lexington,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on January 5, 2010, in which he recommended that the District Court deny petitioner's motion to proceed without prepayment of fees, deny his petition for Writ of Error *Coram Nobis*, dismiss this case, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On January 14, 2010, petitioner filed a motion for an extension of time within which to file his objections. Thereafter, on February 25, 2010, he filed objections to the Proposed Findings and Recommendation. The court hereby **GRANTS** the motion for an extension of time to file objections and finds that they were timely filed. With respect to those objections, the court has conducted a de novo review.

On September 19, 2005, in the United States District Court for the Southern District of West Virginia, Campbell entered a plea of guilty to Count One of a three-count indictment charging him with knowingly and intentionally possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). At sentencing, Campbell moved for a downward departure, arguing that his criminal history was overstated based upon a 1986 state court conviction that should not have been included in his criminal history. Specifically, he argued that his state conviction only comes within the 15-year window for calculating criminal history under the United States Sentencing Guidelines because his first conviction in May 1985 was set aside. Campbell was later retried and convicted in January 1986.

The district court granted Campbell's motion for a downward departure, finding that his criminal history was over-represented

based upon the circumstances surrounding the aforementioned 1986 conviction.  The court noted:

> [The state] conviction was a number of years ago; and although it was a serious felony conviction, what this comes down to in my view is that as a result of that first conviction and the timing of it, the defendant is faced with this career offender provision applying where it otherwise wouldn't.  And as a result of that career offender provision applying, the defendant is looking at a sentence that - - a range that is 262 months at the minimum versus what would have been an offense level 29, criminal history category of IV, a guideline range of 121 months.  So if my calculations are right, it's more than doubled the sentence.  And I believe that because of the circumstances of that conviction and the age of that conviction, that constitutes an over-representation of the defendant's criminal history.

Sentencing Transcript of December 5, 2005, at pp. 14-15.  Based on the foregoing, the court determined that the appropriate sentencing range was 121 to 151 months, rather than the 262 to 327 months called for by the guidelines.  The court sentenced Campbell to a term of imprisonment of 140 months.

On February 25, 2008, Campbell filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon a recent amendment to the sentencing guidelines reducing the penalties for crack cocaine offenses.  By Order entered on June 5, 2008, the court denied Campbell's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Petitioner appealed that decision, which was later affirmed by the United States Court of Appeals for the Fourth Circuit.

In the instant Petition for Writ of Error *Coram Nobis*, petitioner asks this court to invalidate his 1986 state conviction. Magistrate Judge VanDervort concluded that the petition should be denied because a writ of error coram nobis cannot be used to attack a state conviction.[1] Petitioner's objections are directed to the magistrate judge's conclusion that this court lacks jurisdiction to grant such a writ with respect to a judgment of a state court.

"Under the All Writs Act, 28 U.S.C. § 1651, federal courts have the power to grant a writ of error coram nobis to vacate a conviction after the petitioner has completed service of his sentence." Etlin v. Unknown, 2009 WL 3762304, *5 (E.D. Va. 2009). "A writ of *coram nobis* is typically used to attack a judgment that was infirm at the time it was issued for reasons that later came to light." Hanan v. United States, 402 F. Supp.2d 679, 683 (E.D.Va. 2005). In order "to obtain *coram nobis* relief, [a petitioner] must show (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from

---

[1] Magistrate Judge VanDervort also considered Campbell's entitlement to relief under 28 U.S.C. § 2255 and concluded that any request for habeas relief pursuant to § 2255 should be denied as untimely. In his objections, petitioner stated that he was not seeking relief pursuant to 28 U.S.C. § 2255. See Objections at p. 4.

4

the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion." Id. at 684.

However, "district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts."[2] Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006); see also In re Egan, 2009 WL 2235814, *1 (4th Cir. 2009) ("The writ of error coram nobis may not be used to set aside a state conviction."); In re Shelton, 2001 WL 15324, *1 (4th Cir. 2001) (finding that the court had "no jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of a Virginia trial court"); Sinclair v. Louisiana, 679 F.2d 513, 515 (5th Cir. 1982) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of

---

[2] As the United States Court of Appeals for the Second Circuit explained:

> As a historical matter, the writ of *coram nobis* was used by a court to correct its own errors. The term "*coram nobis*," defined in Black's Law Dictionary as "before us,". . . comes from the phrase "*error quae coram nobis resident*," . . . which means, literally, an error "which remains in our presence," . . . . Thus, at common law, the writ was used by a court in cases within its own jurisdiction, not to correct errors in other jurisdictions.

Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006).

whether it is called coram nobis, habeas corpus or some other type of relief."). Based on the foregoing, it is clear that a writ of error coram nobis cannot be used to set aside Campbell's state conviction. Accordingly, his objection is OVERRULED.

Finally, to the extent that petitioner argues this court possesses jurisdiction to issue the requested relief under 28 U.S.C. § 1367, that argument is without merit. 28 U.S.C. § 1367, the statute conferring supplemental jurisdiction provides in pertinent part:

> [I]n any civil action of which the district courts
> have original jurisdiction, the district courts
> shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action
> within such original jurisdiction that they form
> part of the same case or controversy under Article
> III of the United States Constitution.

The statute says nothing about conferring jurisdiction over a state criminal case. See United States v. Polishan, 19 F. Supp.2d 327, 330 (M.D. Pa. 1998) ("There is no mention of the application of supplemental jurisdiction to a criminal case.").

The court **GRANTS** petitioner's motion for an extension of time to file objections. Having considered petitioner's objections and for the reasons discussed above, the court accepts Magistrate Judge VanDervort's findings and recommendation and **OVERRULES** petitioner's objections. The court further **DENIES** petitioner's motion to proceed without prepayment of fees, **DENIES** his petition for Writ of Error *Coram Nobis*, **DISMISSES** this case,

and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to petitioner and to counsel of record.

**IT IS SO ORDERED** this 21st day of July, 2010.

ENTER:

David A. Faber
Senior United States District Judge